UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MAR - 9 2016

| | | |
|---|---|---|
| KB WELLBORE SOLUTIONS, LLC, | § | |
| Plaintiff, | § | |
| v. | § | No. 3:16-CV-449-N (BF) |
| MARION H. SWEATT and ITHACA | § | |
| ENTERPRISES, INC., | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge for pretrial management. *See* Order of Reference [ECF No. 12]. Before the Court is KB Wellbore Solutions, LLC's ("Plaintiff") Application for a Temporary Restraining Order ("TRO Application") [ECF No. 2]. For the following reasons, the undersigned respectfully recommends that the District Court **DENY** Plaintiff's TRO Application [ECF No. 2].

### BACKGROUND

Plaintiff states in its Complaint that Marion H. Sweatt ("Defendant") worked as an independent contractor for Plaintiff from April 4, 2012 through September 23, 2014. *See* Compl. [ECF No. 1 at 2]. On January 4, 2016, after Defendant stopped working with Plaintiff, Plaintiff's Vice President noticed that Plaintiff received a payment in the amount of $19,500.00 from King Operating Corporation ("King Operating"). *See id.* [ECF No. 1 at 2]. Because Plaintiff did not perform any services for King Operating in the months preceding January 4, 2016, Plaintiff states that it inquired as to why King Operating remitted a payment to Plaintiff. *See id.* [ECF No. 1 at 2]. Plaintiff states that it was informed by King Operating that Defendant and Ithaca Enterprises, Inc. (collectively, "Defendants"), on behalf of Plaintiff, performed consulting work for King Operating,

1

and forwarded the relevant service invoice to Plaintiff. *See id.* [ECF No. 1 at 2-3]. Plaintiff contends

that the invoice Defendants provided to King Operating bore Plaintiff's trademarked name at the

top of the invoice. *See id.* [ECF No. 1 at 3]. However, Plaintiff contends that Defendants were not

working or affiliated with Plaintiff at the time they provided the invoice to King Operating. *See id.*

[ECF No. 1 at 3]. Plaintiff contends that Defendants, by using Plaintiff's invoices and representing

to King Operating that their services were performed on behalf of Plaintiff, infringed upon Plaintiff's

trademark and engaged in unfair competition in violation of the Lanham Act. *See id.* [ECF No. 1 at

3].

Plaintiff contends that it learned on January 4, 2016 that Defendants were using its mark and

holding themselves out as being affiliated with Plaintiff, and filed its Complaint and TRO

Application on February 17, 2016. *See* Compl. [ECF No. 1 at 2]; TRO Appl. [ECF No. 2]. In the

TRO Application, Plaintiff states that it "seeks immediate entry of a Temporary Restraining Order

until this Court can rule on Plaintiff's Motion for Temporary Injunction, which will be filed shortly

after the instant application and which will incorporate the same arguments and authority." *See id.*

[ECF No. 2 at 1 n.1]. On March 2, 2016, Defendants filed their Answer stating that they did not hold

themselves out as being affiliated with Plaintiff, but that an invoice to King Operating may have

inadvertently included Plaintiff's logo, due to "an issue when printing the excel spreadsheet with a

different version of excel." *See* Answer [ECF No. 11 at 2]. The District Court referred this case to

the undersigned for pretrial management on March 4, 2016. *See* Order of Reference [ECF No. 12].

However, Plaintiff has not yet filed the Motion for Temporary Injunction which Plaintiff represented

in its TRO Application would be filed shortly thereafter. *See* TRO Appl. [ECF No. 2 at 1 n.1].

## STANDARD OF REVIEW

In order to "obtain a TRO, an applicant must demonstrate entitlement to a preliminary injunction." *Hassani v. Napolitano*, No. 3:09-CV-1201-D, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009) (citation omitted). "A TRO is simply a highly accelerated and temporary form of preliminary injunctive relief." *Id.* In order to demonstrate entitlement to a TRO, the movant "must establish four elements: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable harm to him if the injunction is not granted, (3) that the threatened harm outweighs any damage that the injunction might cause the opposing parties, and (4) that the injunction will not disserve the public interest." *Id.* (citations omitted). "A preliminary injunction 'is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion.'" *Id.* (quoting *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989); *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)). "The decision to grant a preliminary injunction is to be treated as the exception rather than the rule." *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

## DISCUSSION

Even if the Court presumes irreparable harm, as Plaintiff argues, because actual confusion has occurred, Plaintiff still failed to show that there is a substantial threat that Defendants will continue to use Plaintiff's mark or hold themselves out as being affiliated with Plaintiff. *See* TRO Appl. [ECF No. 2 at 5]. Rather, Defendants' Answer states that the use of Plaintiff's mark was due to inadvertence and that Defendants never held themselves out as being affiliated with Plaintiff. *See* Answer [ECF No. 11 at 2]. Further, Plaintiff's failure or delay in subsequently filing its Motion for Temporary Injunction, when Plaintiff represented to the Court that it will file such a motion shortly

3

after its February 17, 2016 filing of its TRO Application, appears to indicate that Plaintiff is not experiencing the type of urgency which would warrant the issuance of a TRO. *See Wireless Agents, LLC v. T-Mobile, USA, Inc.*, No. 3:05-CV-94-D, 2006 WL 1540587, at *4 (N.D. Tex. June 6, 2006) ("[D]elay in seeking a remedy is an important factor bearing on the need for a preliminary injunction. . . . Absent a good explanation, . . . a substantial period of delay . . . militates against the issuance of a preliminary injunction by demonstrating that there is no apparent urgency to the request for injunctive relief." (citing *High Tech Med. Instrumentation v. New Image Indus., Inc.*, 49 F.3d 1551, 1557 (Fed. Cir. 1995); *Polymer Techs. v. Bridwell*, 103 F.3d 970, 974 (Fed. Cir. 1996))).

As previously discussed, "[a] preliminary injunction 'is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion.'" *Hassani*, 2009 WL 2044596, at *1 (quoting *Carlucci*, 862 F.2d at 1211; *Holland Am. Ins. Co.*, 777 F.2d at 997). Here, Plaintiff has not made a clear showing that there is a substantial threat that Defendants will continue to engage in the infringing conduct, given Defendants' representation that they did not intend to hold themselves out as being affiliated with Plaintiff, and having been put on notice by this lawsuit of the infringing conduct. *See Abraham v. Alpha Chi Omega*, 708 F.3d 614, 627 (5th Cir. 2013) ("'[M]oney damages are 'inadequate' to compensate [owner] for continuing acts of [infringer].'" (quoting 5 McCarthy on Trademarks and Unfair Competition § 30:2 (4th ed. 2001))). Given that the confusion resulted in payment for Defendants' services being remitted to Plaintiff, it is in Defendants' interest to take corrective measures to ensure that such events do not re-occur. Therefore, the undersigned finds that Plaintiff has not demonstrated that the facts at issue involve the exceptional circumstances under which a TRO is warranted. *See Miss. Power & Light Co.*, 760 F.2d at 621 ("The decision to grant a preliminary injunction is to be

4

treated as the exception rather than the rule.").

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the District Court

**DENY** Plaintiff's TRO Application [ECF No. 2].

**SO RECOMMENDED**, this ___ day of _____, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).